UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON REXROAT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00142-JPH-MG ) |
| RICHARD BROWN, et al. | ) ) |
| Defendants. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Brandon Rexroat contends that Defendants violated his constitutional rights by confining him to a cell that first was always dark, and later was always light. The defendants have filed a motion for summary judgment. For the reasons explained below, the motion for summary judgment is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to

the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Rexroat filed a document titled, "Plaintiff's Response to Defendant's Motion for Summary Judgment", dkt. 33, but that filing responded to the defendants' motion for judgment on the pleadings, dkt. 31. Defendants later filed a motion for summary judgment, dkt. 34, to which Mr. Rexroat has not responded.  Accordingly, the Court treats Defendants' supported factual assertions as uncontested.  *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

## II. BACKGROUND

On February 4, 2020, Mr. Rexroat was placed in solitary confinement at Wabash Valley Correctional Facility. Dkt. 2, p. 2; dkt. 35-3. When Mr. Rexroat moved in, the light for the cell was not working so it was dark. Dkt. 2, p. 2.

Mr. Eaton was the WVCF Physical Plant Director during the time relevant to this lawsuit. Dkt. 35-1, para. 2. He received a work order for the broken light on March 5, 2020. *Id.* at para. 9; dkt. 35-2. One of Mr. Eaton's employees fixed the light that same day. *Id.*; dkt. 35-2. The employee returned to the cell on March 16, 2020, and made a few changes on the dip switch, at which point the light was fully operational. Dkt. 35-1, para. 10; dkt. 35-2.

Nearly every cell at Wabash Valley has 24-hour lighting. Dkt. 35-1, para. 4. This is a security measure that allows the correctional staff to easily view into the cell and see if the prisoners are healthy, safely secured, harboring contraband, or otherwise acting illicitly. *Id.* at para. 5. All cells utilize a 5-watt bulb. *Id.* at para. 6. The Indiana Department of Correction allows individual correctional facilities to establish their own lighting standards. *Id.* at para. 7.

The maintenance staff did not receive any requests by Mr. Rexroat about the constant illumination in his cell. *Id.* at dkt. 12. If they had, the request would not have been fulfilled because of the ongoing security reasons for the cell lights. *Id.* at para. 13.

### III. DISCUSSION

#### A. Deliberate Indifference Standard

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities" and (2) the defendants acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim," *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that

3

harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotations omitted).

### B. Official Capacity Claims

The screening order allowed Mr. Rexroat's Eighth Amendment claims to proceed but did not specify whether the claims were proceeding against Defendants in their individual or official capacities. Defendants argue that any claim for damages against them in their official capacity is barred by the Eleventh Amendment. Dkt. 35, pp. 6-8.

A claim against a state employee in his official capacity is essentially a claim against the state. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented to be sued. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). State officials may be sued in their official capacities for injunctive relief, but they may not be sued in their official capacities for damages. *Ameritech Corp. v. McCann*, 297 F.3d 582, 586 (7th Cir. 2002).

Here, Mr. Rexroat seeks an award of damages. He is no longer confined at Wabash Valley, and there is no evidence that he has an ongoing complaint about the lighting standards in his current facility. *See* dkt. 12 (notice of transfer to Pendleton Correctional Facility); dkt. 38 (notice of transfer to New Castle Correctional Facility). Any claims against Defendants in their official capacities are foreclosed. Accordingly, the motion for summary judgment is **GRANTED** as to the official capacity claims against the defendants.

### C. Individual Capacities

"'A prison official may be liable for deliberate indifference only if he 'knows of and disregards an excessive risk to inmate health or safety.' (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016)

Here, Mr. Rexroat spent the first month in his solitary confinement cell in the dark because the cell had no functioning light. The designated evidence shows that Mr. Eaton received a work order on March 5, and on that same day the light in Mr. Rexroat's cell was fixed. There is no designated evidence showing that that Mr. Eaton knew the light in Mr. Rexroat's cell was broken before he received the work order on March 5. There is also no designated evidence showing that Mr. Littlejohn or Mr. Brown knew that the light was broken. Without knowledge of any problem with the lighting conditions in the cell, these prison officials cannot be held liable.

After the light became operational, it was always on and thus it was always light in the cell. The designated evidence shows that the light in Mr. Rexroat's cell was equipped with a 5-watt lightbulb. Constant cell illumination with a 9-watt lightbulb does not violate the Eighth Amendment, *see Vasquez v. Frank*, 290 F. App'x 927, 929 (7th Cir. 2006), and continual cell illumination does not violate the Eighth Amendment when the illumination has a legitimate security rationale. *See Scarver v. Litscher*, 434 F.3d 972, 977 (7th Cir. 2006).

Here, Mr. Rexroat has designated no evidence showing that the continual illumination in his cell violated the Eighth Amendment. Mr. Rexroat's cell was

5

illuminated with a 5-watt lightbulb, the same level of illumination as in nearly every cell at WVCF, and there is no indication that Mr. Rexroat was singled out or retaliated against for any improper purpose. To the contrary, WVCF maintains constant illumination in most cells to allow correctional staff to more easily ensure that the inmates are safe, secure, and not engaging in illicit activities. Dkt. 35-1, para. 5. "Not being experts in prison administration, but aware of the security problems in American prisons, judges sensibly defer within broad limits to the judgments of prison administrators." *Totson v. Thurmer*, 689 F.3d 828, 830 (7th Cir. 2012).

Mr. Rexroat has designated no evidence showing that any Defendant was deliberately indifferent to the lighting conditions in his cell. Accordingly, the motion for summary judgment is **GRANTED** as to the individual capacity claims against the defendants. Because the Court finds there is no designated evidence from which a reasonable fact-finder could conclude Mr. Rexroat suffered a constitutional violation, the Court does not need to address the defendants' qualified immunity defense. *See* dkt. 35, pp. 10-12.

## IV. CONCLUSION

The motion for summary judgment, dkt. [34] is **GRANTED**. This case is now **DISMISSED**. The motion for judgment on the pleadings, dkt. [31], is **DENIED AS MOOT**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 3/23/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON REXROAT
121033
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
PO Box A
NEW CASTLE, IN 47362

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov

7